IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                    :
                                          :
JC ELECTRIC AND AIR                       :    Case No. 06-02885 (GAC)
CONDITIONER, INC.,                        :
                                          :
          Debtor                          :    Chapter 7
_____:
                                          :
                                          :
NOREEN WISCOVITCH RENTAS, as              :
trustee of the Estate of JC               :
Electric and Air Conditioner, Inc.,       :
                                          :
          Plaintiff                       :
                                          :
          v.                              :    Adv. No. 08-00125 (GAC)
                                          :
JESUS M. CENTENO FONTANEZ,                :
                                          :
          Defendant                       :
_____:

<u>DECISION AND ORDER</u>

Before the Court is a motion for summary judgment filed by the defendant, Jesus M. Centeno Fontanez ("Centeno")(dkt. #7) and an opposition filed by the trustee of the Estate of JC Electric and Air Conditioner, Inc., Noreen Wiscovitch Rentas ("NWR")(dkt. #13).

On October 22, 2008, NWR filed this adversary proceeding against Centeno to recover the sum of $24,000, which NWR alleges was taken by Centeno post-petition, through the issuance of various checks drawn on the debtor corporation, without the Court's authorization.  NWR alleges that this occurred while Centeno was acting as the President, a director and/or a stockholder of the debtor corporation.

1

Centeno seeks summary judgment, contending that the only bank account that pertained to the debtor corporation, was FlexiCuenta number 241-2322206 ("corporate account").  Centeno indicates that on May 19, 2006, he opened an account in his name d/b/a JC Electric, FlexiCuenta number 321-041029 ("individual account"), and thereafter was doing business for himself and not for the corporation.  Yet, he indicates that he also continued to conduct business on behalf of the debtor corporation until July of 2006. And while the bankruptcy petition was filed on August 21, 2006, Centeno denies that any checks were issued from the debtor's account after July 31, 2006.

NWR opposes the motion for summary judgment, contending that after the bankruptcy filing, Centeno continued selling generators and doing repair and warranty work to the same clients that the corporation served.  She contends that Centeno was conducting the same business, but under his name, and that this should be considered a continuation of the debtor.  NWR also contends that Centeno was using both the corporate account and the individual account at the same time, for the same type of work, which constituted a commingling of funds, assets and clients, which Centeno controlled as he wished or pleased.  NWR indicates that the funds deposited in the individual account from May to September 2006, could be for work performed or equipment sold by the debtor corporation since Centeno was operating in his personal capacity,

2

as well as maintaining the debtor's business during the same period, with the same clients and equipment. NWR details deposits, wire transfers and a check drawn on the individual account, which she alleges pertain to the debtor, including a deposit of $11,500.00 on September 19, 2006, which she contends was payable to JC Electric, but based on Centeno's testimony at the 341 meeting, was a late payment for work performed by the corporation prior to the bankruptcy filing and thus property of the debtor's estate. NWR addresses two wire transfers out of the individual account after the petition filing, and a payment on Centeno's mortgage, but does not address their connection to services performed by the debtor corporation. NWR also points to two deposits to the individual account, made near the petition date; one in the amount of $10,095, made on August 23, 2006 and one in the amount of $3,000, made on August 25, 2006, which she contends could reasonably be inferred to be related to work performed by the debtor or sales prior to the petition date.

Centeno's motion for summary judgment essentially alleges that NWR's complaint fails to state a claim upon which relief may be granted. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial burden of demonstrating that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Razzaboni v. Schifano (In re Schifano), 378 F.3d 60, 66 (1st Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the initial burden is met, the burden shifts to the non-moving party to show that genuine issues of material fact exist.  Id. (citing F.D.I.C. v. Ponce, 904 F.2d 740, 742 (1st Cir. 1990)).  The non-moving party must set forth more than conclusory allegations, improbable inferences or unsupported speculation to establish genuine issues of material fact.  Competent evidence is required.  Id. (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).  But, the court must view the record in the light most favorable to the nonmoving party, McCrory v. Spigel (In re Spigel), 260 F.3d 27, 31 (1st Cir. 2001) (citations omitted).

Centeno presented an affidavit, indicating that he did not write checks on the corporate debtor's account after the filing of the petition, but he also conceded that he continued to conduct business on behalf of the debtor corporation until July of 2006. NWR failed to present an affidavit, or any other evidence that Centeno received funds that belonged to the corporate debtor post-petition.  While NWR argues that Centeno admitted at the 341 meeting that he received funds pertaining to the corporate debtor,

she presented no evidence of that admission.  Nonetheless, the Court concludes that it is not an improbable inference that Centeno received funds in August for work performed by the corporate debtor prior to the filing of the petition.  Thus, NWR has alleged a plausible entitlement to relief, but it is barely above the level of speculation.  Accordingly, the Court will reluctantly deny the motion for summary judgment.  At trial, NWR will be required to establish a sufficient nexus between the transactions in the individual account and work performed by the corporate debtor.

ORDER

WHEREFORE IT IS ORDERED that the motion for summary judgment filed by the defendant, Jesus M. Centeno Fontanez (dkt. #7) shall be, and it hereby is, DENIED.

The pretrial hearing is scheduled for June 24, 2009 at 8:30 a.m.  The parties shall comply with the original pretrial order (dkt. #5) and file the pretrial report five (5) days prior to the hearing.

SO ORDERED.

San Juan, Puerto Rico, this 2nd day of April, 2009.

BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge